IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-00078-F-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THOMAS WALKER LABUWI, II, | ) | |
| Defendant. | ) | |

This matter is before the court on Thomas Walker Labuwi's Petition for Writ of Error Audita Querela [DE-386] pursuant to 28 U.S.C. § 1651. Labuwi argues that the Fourth Circuit's decision in *United States v. Horton*, 693 F.3d 463 (4th Cir. 2012), renders his sentence invalid.

Labuwi was charged in a four-count indictment. *See* Indictment [DE-35]. On October 18, 2000, Labuwi was charged in a three-count superseding indictment. *See* Superseding Indictment [DE-193]. In Count One of the Superseding Indictment, Labuwi was charged with conspiring to distribute and possession with intent to distribute more than 1,000 kilograms of marijuana and in excess of 20 kilograms of MDMA/Ecstasy, in violation of 21 U.S.C. § 846. *Id.* In Count Three, he was charged with discharge of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *Id.* Labuwi originally pled not guilty to Count One and Count Three, and Labuwi and two of his co-defendants elected to exercise their right to a trial by jury. During the second week of the trial, however, Labuwi entered a guilty plea.

On February 20, 2001, Labuwi was sentenced to life imprisonment plus 120 months. *See* Judgment [DE-260]. Labuwi's sentence was affirmed on appeal to the Fourth Circuit. [DE-335.]

On September 9, 2003, Labuwi filed a Motion to Vacate [DE-358] pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss [DE-360]. The court allowed the Motion to

Dismiss and denied the Motion to Vacate. [DE-372.]

A "writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. § 2255." *Alonzo v. United States*, 368 Fed. Appx. 467, 2010 WL 750074, at *1 (4th Cir. 2010) (internal quotation marks and citation omitted). The fact that a petitioner may not proceed under § 2255 unless he obtains authorization from the court of appeals does not alter this conclusion. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.")

As noted above, Labuwi already has unsuccessfully pursued collateral relief by filing a § 2255 motion. The instant Petition for Writ of Error Audita Querela seeks to bring a new challenge to Labuwi's sentence. For this reason, the undersigned finds that Labuwi's efforts are little more than a thinly veiled attempt to proceed with a successive habeas petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Labuwi may not circumvent this requirement by raising claims in a writ of audita querela.

Accordingly, Labuwi's Petition for Writ of Error Audita Querela [DE-386] is DENIED. The undersigned further concludes that Labuwi has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is also DENIED.

SO ORDERED.

This, the 7th day of May, 2013

James C. Fox
Senior United States District Judge

2