IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-00078-F-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THOMAS WALKER LABUWI, II, ) | |
| Defendant. ) | |

This matter is before the court on Thomas Walker Labuwi's "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(B) and/or in the Alternative Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(E)" [DE-388] and Labuwi's "Motion to Ascertain Status" [DE-391] of the "Motion for Relief from Judgment."

Labuwi was charged in a four-count indictment. *See* Indictment [DE-35]. On October 18, 2000, Labuwi was charged in a three-count superseding indictment. *See* Superseding Indictment [DE-193]. In Count One of the Superseding Indictment, Labuwi was charged with conspiring to distribute and possession with intent to distribute more than 1,000 kilograms of marijuana and in excess of 20 kilograms of MDMA/Ecstasy, in violation of 21 U.S.C. § 846. *Id.* In Count Three, he was charged with discharge of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *Id.* Labuwi originally pled not guilty to Count One and Count Three, and Labuwi and two of his co-defendants elected to exercise their right to a trial by jury. During the second week of the trial, however, Labuwi entered a guilty plea.

On February 20, 2001, Labuwi was sentenced to life imprisonment plus 120 months. *See*

Judgment [DE-260]. Labuwi's sentence was affirmed on appeal to the Fourth Circuit. [DE-335.]

On September 9, 2003, Labuwi filed a Motion to Vacate [DE-358] pursuant to 28 U.S.C. § 2255. The Government filed a Motion to Dismiss [DE-360]. The court allowed the Motion to Dismiss and denied the Motion to Vacate. [DE-372.]

A review of the record reveals that Labuwi filed a Petition for Writ of Error Audita Querela [DE-386] pursuant to 28 U.S.C. § 1651 on April 12, 2013. On May 7, 2013, the undersigned entered an order [DE-387] denying Labuwi's Petition for Writ of Error Audita Querela, on the basis that it was little more than a thinly veiled attempt to proceed with a successive habeas petition. In his instant "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(B) and/or in the Alternative Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(E)," Labuwi argues that the undersigned should alter or amend the May 7, 2013 Order to allow him to proceed with the merits of the claims stated in his Petition for Writ of Error Audita Querela.

In *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit held as follows:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted). The undersigned finds that the instant "Motion for Relief

from Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(B) and/or in the Alternative Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(E)" is a "second or successive" motion under § 2255. The undersigned further finds that Labuwi has not shown that he has obtained permission from the Fourth Circuit Court of Appeals to file the instant motion. *See* § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). For this reason, Labuwi's "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(B) and/or in the Alternative Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(E)" [DE-388] is DISMISSED. In addition, Labuwi's "Motion to Ascertain Status" [DE-391] is DISMISSED as moot.

The court also finds that Labuwi has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 3rd day of September, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge