IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Criminal No. 7:00-cr-00078-BO-8
Civil No. 7:17-cv-00148-BO

THOMAS WALKER LABUWI, II,                )
                                          )
                    Petitioner,           )
                                          )
v.                                        )        **ORDER**
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
                    Respondent.           )

This cause is before the court on petitioner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [D.E. 438] and respondent's corresponding motion to dismiss [D.E. 443].

BACKGROUND:

On November 8, 2000, petitioner moved in open court, and without a plea agreement, to enter a plea of guilty to conspiracy to distribute and possess with the intent to distribute in excess of 1,000 kilograms of marijuana and 3,4-methylenedioxymethamphetamine (MDMA/Ecstasy), in violation of 21 U.S.C. §§ 841(a)(1) and 846, and discharge of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). See United States v. Scheetz, 293 F.3d 175, 181 (4th Cir. 2002) (examining the direct appeal of petitioner and co-defendants). On February 20, 2001, the court sentenced petitioner to life imprisonment for the drug offense and 120 months' imprisonment on the firearms offense to run consecutive. See J. [D.E. 260]. Petitioner appealed [D.E. 272]. On June 7, 2002, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed petitioner's conviction and sentence. See Scheetz, 293 F.3d at 179, 186–89, 192.

On September 9, 2003, petitioner moved to vacate, set aside, or correct his sentence under

section 2255 [D.E. 358]. On June 24, 2009, the court denied petitioner's section 2255 motion [D.E. 372]. On June 14, 2010, the Fourth Circuit dismissed the petitioner's appeal of the denial [D.E. 381].

On March 13, 2017, petitioner moved the Fourth Circuit under 28 U.S.C. § 2244(b) for authorization to file a second or successive section 2255 motion. In re Thomas Walker Labuwi, II, No. 17-168 (4th Cir.). On April 5, 2017, The Fourth Circuit denied the motion. See [D.E. 438-5].

On July 17, 2017, petitioner filed the instant section 2255 motion. [D.E. 438]. Petitioner generally argues he received ineffective assistance of counsel before his guilty plea at trial and that, in light of intervening decisions of the Fourth Circuit and Supreme Court, his sentence exceeds the applicable penalty authorized by law. See Pet. Mot. Attach. [D.E. 438-2].

Respondent moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), see Mot. [D.E. 443], arguing that, because petitioner's instant section 2255 motion is second or successive, the court lacks jurisdiction to consider the matter, see Resp't Mem. [D.E. 444].

In his response in opposition to the government's motion to dismiss, petitioner takes issue with the court's denial of his previous section 2255 motion and reiterates his claim that he received ineffective assistance of counsel at trial. See Pet. Resp. Opp'n [D.E. 446] at 2–17. In his supplemental brief, petitioner asserts that the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) ("Wheeler"), allows him to bring this action as a habeas petition under 28 U.S.C. § 2241. See Pet'r Br. [D.E. 447] at 1.

DISCUSSION:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject matter jurisdiction, which is "the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan

2

River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see, e.g., Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside of the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A prisoner cannot bring a "second or successive" section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without prior authorization of the Fourth Circuit, the court lacks jurisdiction to consider a second or successive section 2255 motion. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Thus, because petitioner did not receive prior authorization before filing the instant second or successive section 2255 motion, the court lacks jurisdiction to consider the motion and dismissal is appropriate.

To the extent petitioner seeks to rely on Wheeler, see [D.E. 447], the court again lacks jurisdiction; a petitioner must file a habeas petition under 28 U.S.C. § 2241 in the district of his present confinement. See United States v. Poole, 531 F.3d 263, 270–75 (4th Cir. 2008). The court makes no comment on the merits of petitioner's arguments.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

CONCLUSION:

For the reasons discussed above, the court GRANTS respondent's motion to dismiss [D.E. 443]; DISMISSES WITHOUT PREJUDICE the section 2255 motion [D.E. 438]; and DENIES a Certificate of Appealability.

SO ORDERED. This 31 day of October 2018.

TERRENCE W. BOYLE
Chief United States District Judge